UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANELL MONIQUE JONES, ET AL,**<br><br>　　　**PLAINTIFF,**<br><br>　VS.<br><br>**CITY OF OAKLAND, ERIBERTO PEREZ-ANGELES AND OMAR DAZA-QUIROZ,**<br><br>　　　**DEFENDANTS** | CASE NO.: 11-CV-4725 YGR<br><br>**PRETRIAL ORDER AT PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, for good cause shown the Court enters the following orders:

1. **Trial Date and Schedule:** The trial of this matter is confirmed for March 11, 2013 beginning at 8:30 a.m. in Courtroom 5. Parties are each limited to twelve hours (12) of trial time which shall include opening statements and closing arguments, but shall not include jury selection. Counsel shall arrive in Court early enough to proceed with evidence by 8:30 a.m. If the case is ordered to "trail" a trial in progress, all counsel shall (a) provide the Clerk a telephone number where he/she can be reached within 15 minutes between the hours of 9:00 a.m. and 4:00 p.m. and (b) be able to be in court within one (1) hour if notified by 3:00 p.m. Trial schedule will be generally as follows, Monday through Friday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks which allows for 4.5 hours a day of trial time. Jury selection shall commence at 9:00 a.m. on Friday, March 8, 2013.

Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Side bars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.

2. **Standard Motions *in Limine*:** The Court hereby orders: (a) that witnesses shall be excluded until testimony is completed; (b) that there shall be no reference to or evidence presented of settlement discussions or mediation; and (c) that there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case.

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). The Court's rulings on the parties' motions *in limine* will be filed separately.

3. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

4. **Procedural Stipulations**: Attached hereto as Exhibit A is an outline of stipulations. To the extent agreed upon, the parties shall initial, sign and file said document by March 1, 2013.

5. **Witnesses:** The parties are limited to calling the witnesses submitted on the list filed on February 21, 2013 for the Pretrial Conference with the following exceptions: (1) Dr. Franklin Sher and Jared Zwickey are excluded; and (2) OPD Tech J. Jaecksch is permitted to testify. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

6. **Exhibits and Exhibit Lists:** The parties are limited in scope to using the Exhibits submitted to the Court on February 25, 2013 for the Plaintiff and February 15, 2013 for the Defendants. No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.

The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

The parties shall exchange copies of the actual exhibits listed by noon on Friday, March 1, 2013. They shall be delivered to Plaintiff at counsel's Larkspur address and to the Defendants at their counsels' Oakland addresses. By the close of business on Monday, March 4, 2013, the parties shall file specific objections to each specific item of evidence by identifying the legal basis for the objection. Argument is limited to two lines of text. Further pre-trial conference to resolve evidentiary objections shall occur on Tuesday, March 5, 2013 at 9:30 a.m.

7.   **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to appropriate time for doing so. Any party requiring an order for additional equipment must file such proposed order by Monday, March 4, 2013.

8.   **Jurors and Peremptory Challenges:**  The Court will seat a total of eight (8) jurors and no alternates. The Court sets the number of peremptory challenges at four (4) per side. Defendants shall exercise jointly. *Batson/Wheeler* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

9.   **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the close of business on the Thursday before trial. The parties shall be available on the Friday before trial to discuss the issues raised with the Court.

10.   **Fed. R. Civ. P. 68 Offers:**  Counsel shall file under seal any offers of judgment made under Fed. R. Civ. P. 68.

3

11. **Doe Defendants**: All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

12. **Depositions to be Used at Trial:** By Tuesday, March 5, 2013, any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself. All other parties are expected to have their own copies available. The parties shall prepare a list of all such depositions and shall make arrangements to review the list and the submissions with the Courtroom Deputy at the time of lodging.

13. **Video Depositions at Trial:** Upon a showing of good cause, video deposition may only be shown upon Court order.

14. **Witnesses at Trial:** The party presenting evidence shall give the other party(ies) 24 hours *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

15. **Objections:** There shall be no "speaking objections," and no response unless requested by the Court, in which case it shall be brief – e.g., "hearsay" and if a response requested, "Not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

4

16. **Jury Questions:**  The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

17. **Interpreters:**  The parties confirm that no witness requires an interpreter. Accordingly, no witness requiring an interpreter will be allowed to testify.

18. **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of the trial.

19. **Further Settlement Conference/Mediation:**  Parties are advised that Magistrate Judge Joseph Spero remains available to assist the parties with settlement.

20. Counsel shall promptly notify the Court by phone and email of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement.  Unless the Court receives notice of settlement two days prior to jury selection, jury costs will be assessed where the parties do not proceed to trial as scheduled.  Civ. L.R. 40-1.

21. **Trial Decorum and Procedure:**  Counsel, parties and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.  You may approach your own non-hostile witnesses without permission.

During trial you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors.  You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

22. **Failure to Comply:**  Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

23. **Other Orders:**

   a. By Friday, March 1, 2013, Plaintiff shall file a complete copy of the Complaint in this action.

   b. Parties shall meet and confer on all the admissibility of all photo exhibits and map(s) on Wednesday, February 27, 2013. Said meeting shall occur at the Federal Courthouse in Oakland, California at 10:00 a.m.

   c. By Wednesday, February 27, 2013, at the 10:00 a.m. meeting, the parties shall exchange transcripts of the 911 dispatch audio recording and the audiotape interview of the defendants. Parties shall then meet and confer regarding the accuracy of the transcript so that it can be used in lieu of the official court reporter's transcript.

   d. On Wednesday, February 27, 2013, parties shall also meet and confer regarding jury instructions. Said meeting shall occur at the Federal Courthouse in Oakland, California at 10:00 a.m. Plaintiff's most current set was filed February 16, 2013; Defendants most current set was filed on February 15, 2013. Any new instructions shall be served (but not filed) by e-mail no later than 3:00 p.m. on Tuesday, February 26, 2013.

**IT IS SO ORDERED.**

Date: February 25, 2013

_____
HON. YVONNE GONZALEZ ROGERS
United States District Judge

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANELL MONIQUE JONES, ET AL,**<br><br>  **PLAINTIFF,**<br><br>**VS.**<br><br>**CITY OF OAKLAND, ERIBERTO PEREZ-ANGELES AND OMAR DAZA-QUIROZ,**<br><br>  **DEFENDANTS** | CASE NO.: 11-CV-4725 YGR<br><br>**PROCEDURAL STIPULATIONS**<br>**(EXHIBIT A TO PRETRIAL ORDER)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

   For the Plaintiff _____        For the City Defendant _____

                                            For the Officer Defendants _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

   For the Plaintiff _____        For the City Defendant _____

                                            For the Officer Defendants _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

   For the Plaintiff _____        For the City Defendant _____

                                            For the Officer Defendants _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and without assembling in the jury box, and that they may resume their deliberations upon the Deputy Clerk's determination that all jurors are present.

    For the Plaintiff _____       For the City Defendant _____

                                                 For the Officer Defendants _____

In the absence if the trial judge, any judge of this court may receive the verdict.

    For the Plaintiff _____       For the City Defendant _____

                                                 For the Officer Defendants _____

(Party Name) _____       (Party Name) _____

_____       _____
   Signature (Plaintiff's Attorney)               Signature (Defense Attorney)

(Party Name) _____       (Party Name) _____

_____       _____
   Signature (Plaintiff's Attorney)               Signature (Defense Attorney)