UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LANELL MONIQUE JONES,

  **Plaintiff,**

  **vs.**

CITY OF OAKLAND, *et al.*,

  **Defendants.**

Case No.: **11-cv-4725 YGR**

**ORDER #4 RE: TRIAL EXHIBITS AND MOTIONS IN LIMINE**

After reviewing the parties' submissions and considering their arguments, the Court rules as follows on the Motions In Limine and objections to trial exhibits:

1. Exhibits for which stipulations from all parties as to admissibility exists will be admitted upon request during trial to the extent such exhibits are used.

2. Exhibits for which no stipulation from all parties as to admissibility exists are subject to all foundational and relevance requirements set forth in the Federal Rules of Evidence.

**Motions In Limine**

3. Defendants' Motion in Limine No. 1 seeks to prohibit any statement, suggestion, or argument by plaintiff, plaintiff's counsel, and plaintiff's witnesses concerning the Internal Affairs (IA), Citizen Police Review Board (CPRB) and/or personnel histories of the police officers who responded to the scene of the incident in this case including but not limited to Defendants Daza-Quiroz and Perez-Angeles and any and all of the Oakland Police Department Officers who may

1   testify at trial.  The motion is made on the grounds that such evidence, testimony, or argument is

2   irrelevant, or alternatively, is more prejudicial than probative, and should not be admitted under

3   Federal Rule of Evidence ("FRE") 401 and 403.  The motion is made on the additional grounds that

4   such evidence, testimony, or argument is inadmissible "prior act" evidence under FRE 404.

5   Alternatively, Defendants urge that, for any specific information Plaintiff intends to offer from these

6   records, the Court require her to make an offer of proof to the satisfaction of the Court that she has

7   an adequate legal basis for its introduction pursuant to FRE 401, 403, and 608.

8        Plaintiff argues that this evidence is offered not as inadmissible character evidence, but rather

9   is relevant to show that the defendant officers made the decision to use deadly force against decedent

10  Derrick Jones instead of waiting for backup, and through their actions became final policymakers for

11  the City of Oakland, per *Pembaur v. City of Cincinnati,* 475 U.S. 469, 484-85 (1986).  (*See*

12  Plaintiff's Objection, Dkt. No. 33.)  Notwithstanding the foregoing, during the pre-trial conference,

13  Plaintiff also argued that the evidence would be admissible as evidence of prior acts to show habit or

14  custom, per FRE 404 (Character Evidence; Crimes or Other Acts), 405 (Methods of Proving

15  Character), and 406 (Habit; Routine Practice).

16       Plaintiff has identified Exhibit 14 (462 pages) and Exhibit 15 (192 pages) on her exhibit list

17  as "internal affairs history" for Daza-Quiroza and Perez-Angeles constituting 654 pages and has

18  specified that each of the defendant officers can authenticate each of the documents listed therein.  A

19  cursory review reveals that the records reference various topics, various authors, and various forms

20  of documents of various dates, including, without limitation, police reports, bulletins, transcripts of

21  interviews with individuals some of whom are not on the witness list, memorandum, random pages

22  of manuals, reports including assessments of non-defendant individuals, bulletins, laboratory reports,

23  non-defendant officer statements, correspondence, diagrams, a resume of a non-party, and a

24  photograph.  Many of these documents are not authored by defendants or someone else on the

25  witness list who appear able to authenticate the documents, to the extent relevance even exists.

26  Plaintiff has not specified the basis upon which each document (a) can be authenticated, (b) is

27  relevant,  and, (c) to the extent offered as character evidence, does not violate FRE 404's prohibition

28  on use of prior acts to prove character.  *Cf. Henderson v. Prado*, C-05-0234 VRW, 2007 WL

1   1229330 at *2 (N.D. Cal. Apr. 24, 2007) (noting that Advisory Committee notes regarding FRE 406

2   distinguish habit as a "semi-automatic" response to a certain situation, and that evidence of prior

3   assaults would not be admissible to prove a subsequent assault).

4          In their current form, Exhibits 14 and 15 are excludable and, as a consequence, so are all

5   statements, suggestions, or arguments regarding the IA, CPRB and/or personnel histories of the

6   officer defendants.  The Court will provide Plaintiff with one final opportunity to identify: (1) the

7   specific information she wishes to introduce; (2) its connection to the action here; and (3) an offer of

8   proof that admission would be consistent with FRE 401, 403, and 608.

9          In this regard, Plaintiff shall number each and every discrete document in Exhibit 14

10  beginning with the number 200 and continuing thereafter until completed.  For each such exhibit,

11  Plaintiff shall list in chart form: (i) the Exhibit Number, (ii) the number of pages in the document,

12  (iii) the date, (iv) the author, (v) a brief explanation how Officer Daza-Quiroz can authenticate each

13  document, (vi) the FRE under which it is admissible, and (vii) a precise articulation of the specific

14  purpose for which it is being offered (for example, the specific habit claimed).  Further, Plaintiff

15  shall be prepared to make an offer of proof identifying the specific portions of each document which

16  are probative of that specific purpose which has been identified.

17         Similarly, Plaintiff shall number each and every discrete document in Exhibit 15 beginning

18  with the number 300 and continuing thereafter until completed.  For each such exhibit, Plaintiff shall

19  list in chart form: (i) the Exhibit Number, (ii) the number of pages in the document, (iii) the date, (iv)

20  the author, (v) a brief explanation how Officer Perez-Angeles can authenticate each document, (vi)

21  the FRE under which it is admissible, and (vii) a precise articulation of the specific purpose for

22  which it is being offered (for example, the specific habit claimed).  Further, Plaintiff shall be

23  prepared to make an offer of proof identifying the specific portions of each document which are

24  probative of that specific purpose which has been identified.

25         Once provided, the Defendants will have an opportunity to object.

26         4.     Defendants' Motion in Limine Number 2 seeks to exclude any late disclosure of

27  expert information by plaintiff.  As the Court previously indicated on the record, experts for both

28  Plaintiff and Defendants are excluded for failure to disclose those experts timely in accordance with

United States District Court
Northern District of California

United States District Court
Northern District of California

1    this Court's pretrial scheduling order.  Defendants' Motion in Limine Number 2 is **GRANTED**, and

2    applies equally to both sides.

3         5.      Defendants' Motion In Limine Number 3 seeks to exclude any evidence concerning

4    the "Nightrider" officers, including criminal prosecution, and the civil lawsuit of *Delphine Allen, et*

5    *al. v. City of Oakland, et al.*, Case No. 00-cv-4599 TEH (also known as "the Riders Case"), including

6    settlement of that case or subsequent monitoring reports required as part of those proceedings.

7         Exhibit 13:

8         Plaintiff has listed "Hon. Henderson's Order re: City of Oakland Compliance Director" as her

9    Exhibit 13, presenting several hundreds of pages of court documents from multiple docket entries.

10   She subsequently, and without Court authorization, re-designated Exhibit 13 as "Filed Documents,

11   Rider's Case: List of Persons Responsible for Implementing NSA Tasks; NSA Agreement; AMOU

12   Compliance; Compliance Summary; Audit; Hon. Henderson's Order;".  In this Court's Order dated

13   February 25, 2013, paragraph 6, (Dkt #62), this Court ordered that Plaintiff was limited in her

14   exhibits to those on her list dated February 25, 2013. (Defendants were limited to the exhibits on

15   their list dated February 15, 2013.)  As a threshold matter, with respect to any exhibit which is

16   proffered as Exhibit 13, Plaintiff must first identify how each such exhibit constitutes a part of an

17   "Order" issued by Judge Henderson.  Once shown, the Court can then begin to address the issues of

18   admissibility and relevance.

19        Exhibit 16:

20        Plaintiff has offered as her Exhibit 16 a "Fifth Quarter Independent Monitor Report of the

21   Oakland Police Department."  She argues this report, filed with the court, shows that the City failed

22   to comply fully with the Riders Court's requirements, and specifically did not comply during the

23   Fifth Quarter, the period when decedent was killed by the Defendant Officers.  Plaintiff contends that

24   this evidence will show that the City is liable under a theory of deliberate indifference after being put

25   on notice by the Riders Case and subsequent monitoring reports.  She argues that, under FRE 803(8),

26   the report is a public record that meets the hearsay exception.

27        Plaintiff has failed to identify for the Court what specific portions of this document are

28   relevant to the proceedings, as required by FRE 403.  Neither Defendant Omar Daza-Quiroz nor

Eriberto Perez-Angeles were subject officers in the Riders Case.  Plaintiff's only City-employee witnesses are the Defendant Officers, two other line officers, a technician, and a police dispatcher. Plaintiff does not list any witness from the City of Oakland with any supervisory responsibilities. She has not offered any expert witness.  None of Plaintiff's identified witnesses appear to be persons with policymaking authority under *Monell* and its progeny.  To the extent that Plaintiff intends to show that the Riders Case and monitoring report constituted notice to the City, she does not appear to have a witness who can speak to the issue of notice and has not articulated her theory of notice.

In its current form, Exhibit 16 is excludable and, as a consequence, so are all statements, suggestions, or arguments concerning said report.  The Court will provide Plaintiff with one final opportunity to identify (i) the specific pages she wishes to introduce, (ii) the specific purpose for which each portion is being offered, and (iii) the specific nexus of each portion to *Monell* liability in this action.

Once provided, the Defendants will have an opportunity to object.

6.      Defendants' Motion in Limine Number 4 seeks to prohibit counsel, the parties and all witnesses from referencing or providing evidence of any prior settlement negotiations in this case per FRE 408.  Defendants' Motion in Limine Number 4 is **GRANTED**.[1]

**<u>Other Exhibits</u>**

7.      Defendants identified Exhibit 104, two "Photos of Barbershop" on their exhibit list and Plaintiff stipulated to their admissibility.  Defendants thereafter attempted to withdraw the exhibit. (Dkt. No. 67.)  The Court does not accept the withdrawal.  Exhibit 104 may be used by any party.

8.      Plaintiff identified Exhibit 10 on her exhibit list as "Correspondence between Plaintiff and Decedent Derrick Jones." (Dkt. No. 59.)  First, Plaintiff has included as part of Exhibit 10 numerous documents that do not fall into the commonly understood definition of "correspondence," that is "communication by letters." (*Merriam-Webster.com,* Merriam-Webster, 2013.)  While there

---

[1]   The Court notes that Plaintiff indicated in the parties' Amended Joint Pretrial Conference Statement, filed February 8, 2013 (Dkt. No. 32), that she intended to file five motions in limine.  The record reflects that she did not file any motions in limine.  However, it appears that she raised some or all of the issues over the course of the first three days of pretrial conference in this matter and those issues are addressed in this Order.

United States District Court
Northern District of California

are four handwritten letters included within Exhibit 10, it also comprises money order receipts, a marriage certificate, a wedding photo, a funeral program, and approximately 45 printed pages of text messages, apparently retrieved from the decedent's mobile phone.  Other than the letters, none of the proffered exhibits fall within the category of "correspondence", but are a belated attempt to include exhibits which Plaintiff failed to list previously.  Nevertheless, the Court in its discretion will permit Plaintiff to include those documents as part of her proposed exhibits as they do not appear unduly prejudicial.

However, with respect to the text message portion of Exhibit 10, as an afterthought subsequent to exchanging it with opposing counsel, Plaintiff asked the Court to limit or redact that exhibit.  The Court declines to allow Plaintiff to redact the exhibit at this juncture.  The text message portion of Exhibit 10, in its unredacted form, may be used by any party.

9.      Nothing in paragraphs 7 or 8 above relieves counsel of the obligation to lay a proper foundation absent stipulation regarding admissibility.

**Conclusion.**

In conclusion, the record shall reflect that all parties failed to comply with this Court's Pretrial Instructions In Civil Cases, attached hereto as Exhibit A.  The parties did not exchange and meet and confer on motions in limine.  (*See* Exh. A, ¶ 4.)  The parties did not submit a joint exhibit or joint witness list, and Plaintiff did not submit any exhibit list, in advance of the Pretrial Conference.  (*See* Exh. A, ¶ 3(d).)  The parties apparently did not exchange their actual proposed exhibits 28 days prior to the pretrial conference.  (*See* Exh. A, ¶ 6(a).)  The Court has, in its discretion and in the interests of justice, considered the motions and exhibits herein despite all parties' repeated failures to comply with the Court's Pretrial Instructions.  Future instances of failure to comply with the Court's standing orders may result in sanctions, and the further exclusion of evidence.

Plaintiff is ORDERED to provide the Court and defendants with the submissions required with respect to current EXHIBITS 13, 14 and 15 at the next Pretrial Conference scheduled on **March 11, 2013** at 8:30 a.m.

*///*

United States District Court
Northern District of California

1    Plaintiff is FURTHER ORDERED to provide the submissions required with respect to

2   current EXHIBIT 16 at the further Pretrial Conference scheduled on **March 12, 2013** at 8:30 a.m.

3    **IT IS SO ORDERED.**

4   Dated: March 8, 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California

7