UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANELL MONIQUE JONES,**<br><br>    **Plaintiff,**<br><br>    **vs.**<br><br>**CITY OF OAKLAND,** *et al.***,**<br><br>    **Defendants.** | Case No.: **11-cv-4725 YGR**<br><br>**ORDER #5 RE: TRIAL EXHIBITS AND MOTIONS IN LIMINE** |

On March 11, 2013, the Court held a pretrial conference. Ayanna Jenkins-Toney appeared on behalf of Plaintiff Lanell Monique Jones, individually and in her representative capacity on behalf of the Estate of Derrick Jones. William Simmons appeared on behalf of Defendant City of Oakland. Aimee G. Hamoy-Perera and John Verber of Burnham and Brown appeared on behalf of the officer defendants Eriberto Perez-Angeles and Omar Daza-Quiroz.

The Court hereby ORDERS the following submissions to be provided to Court and counsel:

A. **Plaintiff's Requirements.**

1. **Exhibits 14 and 15**: The Court grants Plaintiff an extension to comply with Order #4 Re: Trial Exhibits and Motions in Limine, issued March 8, 2013, Docket 94 ("Order #4). In addition to the requirements set forth therein, Plaintiff shall also identify any documents which she now seeks to withdraw.

2. **Exhibit 13**: As previously mentioned in Order #4, Plaintiff listed "Hon. Henderson's Order re: City of Oakland Compliance Director" as her Exhibit 13. Thereafter, she presented

several hundreds of pages of court documents from multiple docket entries consisting of six (6) separate and distinct documents, Exhibits 13A - 13F. Because the Court could not determine the precise nature of the various documents, and pursuant to Court order, the Plaintiff marked for identification each individual document and provided more information.

a. Exhibit 13A (Rider's Case: List of Persons Responsible for Implementing NSA Tasks) was not properly designated, is not an Order of Judge Henderson, and is excluded.

b. Plaintiff has still not shown that Exhibit 13B (NSA Agreement) is an Order of Judge Henderson.

   i. The Court will not assume that the document identified as Exhibit 13B is the same document referenced in Exhibit 13F at footnote 1. The Court will allow Plaintiff to establish that Exhibit 13B is, in fact, an Order of Judge Henderson (albeit not an Order re: "Compliance Director"); and

   ii. Plaintiff must identify: (i) the specific pages she wishes to introduce, (ii) the specific purpose for which each portion is being offered, and (iii) the specific nexus of each portion to *Monell* liability and/or direct liability in this action.

c. Exhibit 13C (AMOU Compliance). Now that Plaintiff has shown Exhibit 13C is an Order of Judge Henderson (albeit not an Order re: "Compliance Director") the Court will allow Plaintiff to make an offer of proof and identify (i) the specific pages she wishes to introduce, (ii) the specific purpose for which each portion is being offered, and (iii) the specific nexus of each portion to *Monell* liability and/or direct liability in this action.

d. Exhibit 13D (Compliance Summary) was not properly designated, is not an Order of Judge Henderson, and is excluded.

e. Exhibit 13E (Audit). Plaintiff requests the Court to take judicial notice of this document. This is not an Order of Judge Henderson and therefore was not properly designated, and is excludable on that basis. Nonetheless, the Court will reserve on a final ruling on admission or exclusion. Plaintiff must identify: (i) the specific pages she wishes to introduce, (ii) the specific purpose for which each portion is being

   offered, and (iii) the specific nexus of each portion to *Monell* liability and/or direct liability in this action.

  f. Exhibit 13F (Hon. Henderson's Order Re Compliance Director). This is the only document which falls squarely within the original purview of Exhibit 13. The Court will allow Plaintiff to make an offer of proof to identify: (i) the specific pages she wishes to introduce, (ii) the specific purpose for which each portion is being offered, and (iii) the specific nexus of each portion to *Monell* liability and/or direct liability in this action.

3. Plaintiff's submissions are due at the next pretrial conference scheduled for **March 13, 2013, at 8:30 a.m.** Plaintiff may deliver her submissions to the Court and counsel at 8:30 a.m. and then file the same on March 13, 2013, but after the in-person conference.

**B. Defendants' Requirements:**

As to Plaintiff's Exhibit 12, any objections to the text of the transcripts of officer interviews must be delivered or filed by **Wednesday, March 13, 2013,** at 8:30 a.m.

**C. Other:** The pretrial conference, previously scheduled for March 12, 2013, is **VACATED.**

  **IT IS SO ORDERED.**

Dated: March 11, 2013

            _____
            YVONNE GONZALEZ ROGERS
            UNITED STATES DISTRICT COURT JUDGE