UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANELL MONIQUE JONES,**<br><br>     **Plaintiff,**<br><br>vs.<br><br>**CITY OF OAKLAND,** *et al.***,**<br><br>     **Defendants.** | Case No.: **11-cv-4725 YGR**<br><br>**ORDER ON MOTIONS OF CITY OF OAKLAND AND OFFICER DEFENDANTS FOR JUDGMENT AS A MATTER OF LAW UNDER FRCP 50(A)** |

On March 25, 2013, at the close of evidence in Plaintiff's case-in-chief, Defendants Omar Daza-Quiroz and Eriberto Perez-Angeles ("the Officer Defendants") and Defendant City of Oakland ("the City") filed their motions for judgment as a matter of law ("JMOL"). (Dkt. Nos. 120 and 121, respectively.) The Officer Defendants, in addition to the arguments made in their own JMOL motion, joined in the arguments made by the City. Plaintiff filed her response to the JMOL motions on March 26, 2013.

The Court, having carefully considered the arguments of the parties and the evidence admitted in the course of Plaintiff's case-in-chief, **ORDERS** that: (1) the City's JMOL Motion is **GRANTED**; (2) the Officer Defendants' JMOL Motion is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

In her Complaint, Plaintiff alleges the following claims:

(1) 42 U.S.C. §1983 – Violation of 4th Amendment Rights on behalf of the decedent's estate;
(2) 42 U.S.C. §1983 – Wrongful Death (Violation of 4th and 14th Amendment Rights) on behalf of Plaintiff personally;
(3) 42 U.S.C. §1983 – Violation of 4th Amendment Rights (Survival Action) on behalf of the decedent's estate;
(4) 42 U.S.C. §1983 – Violation of 14th Amendment (Familial Society/Companionship) on behalf of Plaintiff personally;
(5) Cal. Civ. Proc. §§ 377.60, 377.61 – Wrongful Death on behalf of Plaintiff personally;
(6) Cal. Civil Code § 52.1 –Interference with Civil Rights on behalf of the decedent's estate;
(7) Cal. Civil Code § 51.7 – Interference with Civil Rights Based Upon Race on behalf of the decedent's estate;
(8) Assault & Battery on behalf of the decedent's estate;

In the hearing on Rule 50(a) motions, Plaintiff clarified all claims are alleged against both the City and the Officer Defendants.[1]

The City and the Officer Defendants made their JMOL motions at the close of evidence on Plaintiff's case-in-chief. The Court heard argument on the morning of March 27, 2013, and took the motions under submission. Defendants concluded testimony in their case shortly thereafter on the afternoon of March 27, 2013. At that point, and before instructing the jury and beginning deliberations, the Court inquired whether any party wished to be heard on the motions in light of the evidence added to the record since the motions were filed. The Defendants reiterated their arguments. Plaintiff responded that she had nothing to add to her previous arguments in opposition to the motions.

//
//

---

[1] Plaintiff's Complaint did not articulate clearly the defendants against whom each claim was alleged. (Dkt. No. 1 and Dkt. No. 64 [Notice of Errata, Complete Complaint].) At the direction of the Court, in her Amended Statement of the Action, Plaintiff stated the claims she would try to the jury, against whom they were alleged, and on whose behalf they were brought. (Dkt. No. 60, "Plaintiff's Amended Statement.") Plaintiff's Amended Statement indicated that she was only bringing her Second Claim against the City and no other. However, at the hearing on the JMOL motions, Plaintiff indicated that this was an error and "the complaint controls."

2

**STANDARD APPLICABLE TO THE MOTION**

Rule 50 of the Federal Rules of Civil Procedure provides:

[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. Rules Civ. Pro. 50(a). The Court applies the same standard on a motion for judgment as a matter of law under Rule 50 as on a motion for summary judgment. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 US 133, 150 (2000). Thus, the Court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id.* As the Ninth Circuit has explained,

In essence, the machinery of Rule 50(a) operates to achieve a balance between competing, desirable goals. On the one hand, "economy and expedition" are served by cutting short trials containing legally insufficient evidence "as soon as it is apparent that [a] party is unable to carry a burden of proof that is essential to that party's case." *Id.* On the other hand, the procedural requirements that, before a motion may be granted, a party must be "fully heard on an issue" and be given an opportunity to correct any deficiencies assure fairness to the parties and promote the trial court's fact-finding role.

*Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 927 (9th Cir. 2007). Judgment as a matter of law should be granted when the evidence contains no proof beyond speculation to support a verdict. *See First Union Nat. Bank v. Benham*, 423 F.3d 855, 863 (8th Cir. 2005) citing *Sip–Top, Inc. v. Ekco Group, Inc.,* 86 F.3d 827, 830 (8th Cir. 1996).

Here, Plaintiff completed the presentation of her case-in-chief and rested before the instant motions were made. When the Court inquired of Plaintiff, at the hearing on the JMOL motions, what additional evidence she wished to present, or whether she was seeking to reopen her case-in-chief, she did not proffer any additional evidence in favor of her claims or seek to reopen her case. When the Court again inquired, at the close of all the evidence, whether Plaintiff wished to add anything more to her prior arguments, she said that she did not. Moreover, Plaintiff has stated repeatedly what she understands the elements of her claims to be and what authorities support her theories, including her theory of *Monell* liability as against the City. (*See* Dkt. No. 58, Plaintiff's Pretrial Conference

1  Brief, at 6:13-8:5; Dkt. No. 95, Plaintiffs' [Second] Pretrial Conference Brief, at 9:2-28; Dkt. No.
2  100, Plaintiffs' Pretrial Conference Brief #3, at 6:14-7:4.)  The Court thus finds that Defendants have
3  stated the issues on which they seek a judgment, they have specified the legal and factual basis upon
4  which they seek the judgment, and Plaintiff has been fully heard on these claims.[2]

**A.    CLAIMS AGAINST DEFENDANT OFFICERS**

The Officer Defendants seek judgment as a matter of law as to all claims.

**1.    First, Third, Fifth, and Eighth Claims**

Plaintiff's First, Third, Fifth and Eighth Claims each require Plaintiff to show the Officer Defendants' conduct was unreasonable, *i.e.*, the Officer Defendants did not act as would a reasonable officer under similar circumstances.  *Graham v. Connor,* 490 U.S. 386, 394, 396-97 (1989); *Scott v. Harris,* 550 U.S. 372 (2007); *Acosta v. Hill,* 504 F.3d 1323, 1324 (9th Cir. 2007). The Officer Defendants argue that they are entitled to judgment on these claims because Plaintiff has offered no evidence in the form of expert testimony or documentary evidence from which the jury can evaluate the reasonableness of their conduct.  They argue that expert testimony is required in this case in order for the jury to determine whether the Defendant Officers acted unreasonably. However, as the Officer Defendants acknowledge, there is no authority establishing a *per se* requirement of expert testimony in excessive force cases.  *Cf. Allgoewer v. City of Tracy,* 207 Cal. App. 4th 755 (2012) (noting absence of California and Ninth Circuit authority regarding need for expert in excessive force case because the objective reasonableness standard may be comprehensible to a lay juror).  Defendant Officers have not demonstrated that a jury could not determine, without

---

[2] Unlike *Echeverria,* cited by Plaintiff, here Plaintiff has not argued that she planned or requested to present additional evidence.  *Echeverria v. Chevron USA Inc.*, 391 F.3d 607, 610 (5th Cir. 2004) (plaintiff had planned to call several additional witnesses on the issue of liability and to present additional documentary evidence).  Unlike *Piesco*, Defendants have stated specifically the issues and the grounds for JMOL.  *Piesco v. Koch*, 12 F.3d 332, 340-41 (2d Cir. 1993) (Rule 50(b) motion not proper where defendants' Rule 50(a) oral motion did not articulate grounds other than indicating they wished to move for a directed verdict); *see also Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1174 (3d Cir. 1993) (plaintiff not apprised of grounds for defendant's Rule 50(b) motion where court denied defendant's *in limine* motion on that issue, and expressly informed the parties that it would leave it to the jury to resolve); *cf. Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 287 (2d Cir. 1998) (oral motion under Rule 50(a) sufficient to state basis for judgment on claims of gender discrimination).

4

the aid of expert testimony or specialized evidence, whether the conduct here was unreasonable. The Court **DENIES** the Officer Defendants' motion as to the First, Third, Fifth, and Eighth Claims.

    **2.**    **Second Claim**

Plaintiff's Second Claim is a wrongful death claim, brought by Plaintiff personally, pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth and Fourteenth Amendment rights.

With respect to the Fourth Amendment basis for her claim, Plaintiff has not presented evidence that she *personally* was subjected to any unreasonable search or seizure. Instead, the claim asserts the Fourth Amendment rights of the decedent. As a matter of law, such a claim must be dismissed. Fourth Amendment rights are personal rights which cannot be asserted vicariously. *Rakas v. Illinois,* 439 U.S. 128, 133-34 (1978); *Moreland v. Las Vegas Metropolitan Police Dept.,* 159 F.3d 365, 369 (9th Cir. 1998). Thus, the motion as to the Second Claim is **GRANTED** as to the Fourth Amendment grounds.

With respect to the Fourteenth Amendment claim for violation of due process rights, the applicable standard to establish a violation is that the conduct at issue must "shock the conscience." *See Porter v. Osborn,* 546 F. 3d 1131, 1137, 1139 (9th Cir. 2008) *(citing County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998)). That is, Plaintiff must show the officers acted with "deliberate indifference" or, if the evidence indicates that actual deliberation was impractical, that they acted with a purpose to harm that was unrelated to legitimate law enforcement objectives. *Id.* at 1137, 1139. The Defendant Officers have not established that the record is insufficient, as a matter of law, for a reasonable jury to determine that they acted in a manner that shocks the conscience. The motion as to the 14th Amendment grounds for this claim is therefore **DENIED**.

    **3.**    **Fourth Claim**

Plaintiff's Fourth Claim is brought on an individual basis, pursuant to 42 U.S.C. § 1983 for deprivation of her 14th Amendment rights to familial society with the decedent. The Officer Defendants raise their expert testimony argument here. They also join in an argument, made by the City, that the evidence would not allow the jury to determine that their conduct "shocks the conscience" for purposes of establishing a Fourteenth Amendment violation, because the higher "purpose to harm" standard would apply. Like the other Section 1983 claims, the Court finds no

merit to the Officer Defendants' argument that the jury cannot determine the reasonableness of their conduct without expert testimony. *See Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). Nor can the Court find, as a matter of law, the evidence is so strongly and overwhelmingly in favor of the Officer Defendants on the question of whether their conduct "shocks the conscience" as to require judgment be entered in their favor on the Fourth Claim. The Court **DENIES** the motion as to the Fourth Claim.

### 4. Sixth Claim

The Officer Defendants join in the City's JMOL motion on Plaintiff's Sixth Claim under California Civil Code §52.1 (the Bane Act) for violation of civil rights by threats, coercion or intimidation. Section 52.1 establishes a civil right of action "[i]f a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1. A claim under Section 52.1 may only proceed if there is evidence of "threats, intimidation, or coercion" independent from the Constitutional violation (such as wrongful detention or excessive force) itself. *See Jones v. Kmart Corp.,* 17 Cal.4th 329, 334 (1998); *Shoyoye v. County of Los Angeles,* 203 Cal. App. 4th 947, 959 (2012), *reh 'g denied* (Mar. 13, 2012), *review denied* (May 9, 2012)); *Justin v. City & County of San Francisco*, C05-4812 MEJ, 2008 WL 1990819 (N.D. Cal. May 5, 2008).

There is no evidence here of "threats, intimidation, or coercion" of the decedent separate and apart from the alleged excessive force. Plaintiff argues she has put forward evidence of witness intimidation in that witnesses on the scene were taken against their will to the police station on the night of the shooting. To the extent the record would support that assertion, it is not relevant to the claim against the Defendant Officers, as there is no connection between the treatment of the witnesses to the incident after the shooting and the Defendant Officers' actions toward the decedent in connection with the shooting.

Thus, Plaintiff has been fully heard on this claim and has not offered any evidence that would allow a reasonable jury to find for her on an essential element of the claim. The Officer Defendants' motion is **GRANTED** as to the Sixth Claim.

### 5. Seventh Claim

The Officer Defendants seek judgment on Plaintiff's Seventh Claim under California Civil Code § 51.7 (the Ralph Act) for violation of civil rights on account of race. Section 51.7 provides that "[a]ll persons ... have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of their race, ... national origin, ... [or] sex." Cal. Civ. §51.7; *see also Winarto v. Toshiba Am. Electronics Components, Inc.*, 274 F.3d 1276, 1289 (9th Cir. 2001). Here, Plaintiff has been fully heard on this claim and has not offered any evidence that would allow a reasonable jury to find for her. Plaintiff conceded at the hearing on the JMOL motions that there is no evidence to support the claim. The Officer Defendants' motion is **GRANTED** as to the Seventh Claim.

### B. CLAIMS AGAINST THE CITY

#### 1. First, Second, Third, and Fourth Claims Under 42 U.S.C. § 1983

Liability against the City for a violation of civil rights under 42 U.S.C. § 1983 requires Plaintiff to show that the deprivation of Constitutional rights was caused by action taken "pursuant to official municipal policy of some nature." *Monell v. Dep't of Soc. Services of City of New York,* 436 U.S. 658, 691 (1978). Plaintiff may prove a municipal policy by presenting evidence of:

(1) express adoption of a policy by the municipality *See Monell,* 436 U.S. at 690.

(2) a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity," *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 485-87 (1986); *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir. 1996);

(3) a constitutional violation was caused by a municipal employee with final policy-making authority, *see Pembaur,* 475 U.S. at 480-81; *see also City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1998); or

(4) a municipal employee with final policy-making authority ratified a subordinate's unconstitutional action and the basis for it. *See Praprotnik,* 485 U.S. at 127 (1998); *Gillette v. Delmore,* 979 F.2d 1342, 1348 (9th Cir. 1992);

(5) a policy of inaction demonstrating a deliberate indifference to a plaintiff's constitutional rights, such as an need to train or correct subordinates of which the municipality is or should be aware. *See City of Canton v. Harris,* 489 U.S. 378, 389 (1989) (public entity's failure to train can be found to be "policy" actionable under section 1983 where the failure to train reflects a "deliberate" or "conscious" choice by the municipality); *Oviall v. Pearce,* 954 F.2d 1470 (1992) *(*citing *City of Canton*).

Establishing liability based on a custom and practice "may not be predicated on isolated or sporadic incidents [but instead] must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino,* 99 F.3d at 918. Establishing municipal liability based upon inadequate training or supervision requires proof of "deliberate indifference" by the municipality in the face of either: (1) an obvious need for training to avoid violation of constitutional rights; or (2) a pattern of conduct so pervasive as to demonstrate actual or constructive notice to the municipality of the need for training. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029-30 (7th Cir. 2006) citing *City of Canton,* 489 U.S. at 390 and n.10.

Plaintiff has been fully heard on these claims, and specifically on the *Monell* liability issue. Plaintiff has presented no evidence of an express policy or a longstanding practice or custom that was the moving force behind the shooting death of the decedent. Plaintiff has presented no evidence that the shooting was caused by, or ratified by, any person acting as a final policymaker for the City. Plaintiff has not offered evidence from which a reasonable jury could find that the City was deliberately indifferent to an obvious need to train or correct police officers that was the moving force in the shooting death. Nor has Plaintiff offered evidence from which a jury could find that the City was on notice (actual or constructive) of a need to train or correct officers and was deliberately indifferent to that need. Plaintiff argues that the Officer Defendants gave conflicting testimony regarding their training on some points, and that the testimony also shows an obvious

misunderstanding of the elements of certain California Penal Code sections for purposes of probable cause to arrest. Even assuming the evidence supports those arguments, it still would not be enough to allow a reasonable jury to find that the City was deliberately indifferent to an obvious need for more or different training, or was on notice of such a need, and took no action.

Judgment must be, and is, **GRANTED** in favor of the City on Plaintiff's First, Second, Third and Fourth Claims.[3]

### 2. Fifth Claim - Negligence

As stated at the hearing, Plaintiff asserts her claim for negligence/wrongful death under California law against the City. The City's JMOL motion as to the Fifth Claim is on the grounds that it has governmental immunity under California Government Code section 815(a). Under Section 815(a), a public entity is not liable for injury "[e]xcept as otherwise provided by statute ..." A "public entity defendant may be held liable *only* if there is a statute subjecting them to civil liability." *In re Ground Water Cases,* 154 Cal.App.4th 659, 688 (2007) (emphasis in original). "In the absence of such a statute, a public entity's sovereign immunity bars the suit." *Id.; see also Munoz v. City of Union City,* 120 Cal. App. 4th 1077, 1112 (2004) (rejecting theory of direct liability based on city's negligent training, retention, supervision and discipline of police officers); *see also Zelig v. County of Los Angeles,* 27 Cal.4th 1112, 1127 (2002) ("Although the [Tort Claims] Act provides that a *public employee* generally is liable for an injury caused by his or her act or omission to the same extent as a private person ... the Act contains *no* provision similarly providing that a *public entity* generally is liable for its own conduct or omission to the same extent as a private person or entity.").

As a matter of law, the City is entitled to judgment on this claim and its motion is **GRANTED**.

//

//

---

[3] In its JMOL motion, the City also argued that the Second Claim improperly asserted decedent's Fourth Amendment rights as a basis for a survival action. As stated above with respect to the Officer Defendants, such a claim is improper because Fourth Amendment rights are personal rights which cannot be asserted vicariously. *Rakas,* 439 U.S. at 133-34; *Moreland,* 159 F.3d at 369.
The City offered additional arguments in an oral Rule 50 motion at the hearing. As the Court finds that the lack of evidence on *Monell* liability requires dismiss of all the Section 1983 claims, it declines to reach the merits of those additional arguments.

### 3. Sixth Claim - Bane Act

Plaintiff also alleges her Sixth Claim under the Bane Act against the City. As stated above, there is no evidence here of "threats, intimidation, or coercion" separate and apart from the alleged excessive force. Plaintiff's argument that there is evidence of a City policy of detaining percipient witnesses and taking them to the police station against their will, which she characterizes as witness intimidation, again has no relevance to a claim that decedent was subjected to "threats, intimidation, or coercion."

Thus, Plaintiff has been fully heard on this claim and there is no evidence that would allow a reasonable jury to find for her on an essential element of the claim. The City's motion is **GRANTED** as to the Sixth Claim.

### 4. Seventh Claim – Ralph Act

The City seeks judgment on Plaintiff's Seventh Claim under California Civil Code § 51.7 (the Ralph Act) for violation of civil rights on account of race. Again, Plaintiff has been fully heard on this claim, and concedes that she has no evidence to support this claim. The City's motion is **GRANTED** as to the Seventh Claim.

## CONCLUSION

Based upon the foregoing:

(1) judgment shall be entered in favor of the City on all claims in Plaintiff's complaint;

(2) judgment shall be entered in favor the Officer Defendants as to Plaintiff's Sixth and Seventh Claims, and as to the Second Claim on the Fourth Amendment violation grounds only;

(3) the motion as to the remainder of the claims against the Officer Defendants is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 29, 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE