United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANELL MONIQUE JONES,** | Case No.: **11-cv-4725 YGR** |
| Plaintiff, | |
| vs. | **ORDER:** **(1) DENYING MOTION FOR REVIEW OF BILL OF COSTS AWARDED TO DEFENDANTS OMAR DAZA-QUIROZ AND ERIBERTO PEREZ-ANGELES** |
| **CITY OF OAKLAND, *et al.*,** | |
| Defendants. | **(2) GRANTING MOTION FOR REVIEW OF BILL OF COSTS AWARDED TO CITY OF OAKLAND** |

Plaintiff Lanell Monique Jones ("Plaintiff") filed her Motion for Review of Bill of Costs As to Defendant City of Oakland ("the City") (Dkt. No. 163) and her Motion for Review of Bill of Costs As to Defendants Eriberto Perez-Angeles and Omar Daza-Quiroz ("the Officer Defendants") (Dkt. No. 164).

Having carefully considered the papers submitted,[1] and for the reasons set forth below, the Court hereby **DENIES** the Motion as to the Officer Defendants and **GRANTS** the Motion as to the City.[2]

## I.  BACKGROUND

Following a jury verdict in favor of defendants in this matter, and a judgment entered April 10, 2013, the Officer Defendants and the City each submitted a Bill of Costs, the City seeking costs

---

[1] Plaintiff filed her motions on May 17, 2013.  Under Civil Local Rule 7-3, opposition must be filed and served not more than 14 days after the motions were filed.  Here, Defendants did not file their Joint Opposition until July 10, 2013.  (Dkt. No. 168.)  Therefore the Court has not considered the opposition.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing set for **July 23, 2013**.

United States District Court
Northern District of California

1   in the total amount of $11,823.55, and the Officer Defendants seeking costs in the total amount

2   $12,108.06.  The City submitted its Bill of Costs on April 23, 2013, and the Officer Defendants

3   submitted theirs on April 24, 2013 (Dkt. Nos. 153 and 154.)

4           Plaintiff filed her objections to the City's Bill of Costs on May 6, 2013, and to the Officer

5   Defendants' on May 7, 2013.  (Dkt. Nos. 155 and 156.)  Plaintiff objected that the City's Bill of

6   Costs did not comply with 28 U.S.C. § 1924 and Civil Local Rule 54-1 in that there was no affidavit

7   or supporting documentation for the claimed costs.  Plaintiff also objected to particular costs as

8   unsupported or duplicative, and more generally on the grounds that taxing costs to her would be

9   inequitable under the circumstances.

10          The City submitted a supplemental affidavit and attached receipts on May 7, 2013.

11          Thereafter, the Clerk of the Court taxed costs in the amount of $10,790.56 with respect to the

12   Officer Defendants and the amount of $6,643.70 with respect to the City, denying costs that were

13   duplicative or were not supported by the invoices attached to the supplemental filing by the City.

14          The instant motions followed.

15   **II.     STANDARD APPLICABLE TO THE MOTION**

16          "An award of standard costs in federal court is normally governed by Federal Rule of Civil

17   Procedure 54(d)."  *Champion Produce, Inc. v. Ruby Robinson Co.,* 342 F.3d 1016, 1022 (9th Cir.

18   Idaho 2003) (denial upheld in breach of contract action).  Rule 54(d)(1) states: "[u]nless a federal

19   statute, these rules, or a court order provides otherwise, costs-other than attorney's fees—should be

20   allowed to the prevailing party...."  FRCP 54(d).  The types of costs that may be awarded under Rule

21   54(d) are limited to those enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons,*

22   *Inc.,* 482 U.S. 437, 441–442 (1987).

23          District courts have "wide discretion" in determining whether and to what extent prevailing

24   parties may be awarded costs pursuant to Rule 54(d).  *K–S–H Plastics, Inc. v. Carolite, Inc.,* 408 F.2d

25   54, 60 (9th Cir.1969).  Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing

26   party, but the district court may refuse to award costs within its discretion.  *See* Fed. R. Civ. P.

27   54(d)(1); *Association of Mexican-American Educators v. California,* 231 F.3d 572, 591 (9th Cir. Cal.

28   2000) (denial of costs upheld in action regarding allegedly discriminatory test by public school

districts).  The losing party has the burden to "show why costs should not be awarded."  *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944-45 (9th Cir. 2003) (award upheld in action to challenge to route of light rail line).

The Ninth Circuit has held that proper grounds for denial of costs under Rule 54 include:

'(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) 'the chilling effect of imposing... high costs on future civil rights litigants,' ' as well as (4) whether 'the issues in the case were close and difficult'; (5) whether 'the prevailing party's recovery was nominal or partial'; (6) whether 'the losing party litigated in good faith'; and (7) whether 'the case presented a landmark issue of national importance.'

*Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (citing *Champion Produce, Inc. v. Ruby Robinson Co., Inc.,* 342 F.3d 1016, 1022 (9th Cir. 2003) (remanded for failure to explicitly state reason for denial of costs in action for breach of fiduciary duty).

Local Rule 54-1 requires that a prevailing party claiming taxable costs serve a bill of costs no later than 14 days after entry of judgment, stating each item specifically and separately.  Civ. L. R. 54-1(a).  The bill of costs must be supported by an affidavit that the costs are stated correctly and incurred necessarily, and it must attach supporting documentation for each item claimed.  *Id.*

## III.   DISCUSSION

### A.      The City's Costs

Plaintiff's Motion establishes that the City's costs should not be awarded.  The City's Bill of Costs, though filed timely, did not comply with the affidavit requirement of the Local Rule.  Its submission of supporting documentation, after Plaintiff's objection and well after the 14-day time limit for submission of a bill of costs had passed, was untimely and unexcused.  The Court finds Plaintiff's objection to the sufficiency of the Bill of Costs to be well-taken.  The Court therefore **ORDERS** that the Motion is **GRANTED** and that the City's costs claimed therein are not taxable to Plaintiff.

### B.      The Officer Defendants' Costs

As to the Officer Defendants, Plaintiff has not met her burden to show that their costs should not be awarded.  Plaintiff argues that the *Quan* factors of indigence and a chilling effect on future civil rights litigants weigh in favor of not assessing costs against her.  *See Quan,* 623 F.3d at 888-89.

United States District Court
Northern District of California

United States District Court
Northern District of California

However, Plaintiff offers no evidence to support her conclusory argument that she has limited financial resources.  As to the potential for a "chilling effect" on future civil rights litigants, the Court sees no reason to believe that amount of costs here would have such an effect, since they appear to be relatively low and certainly not "extraordinarily high."  *Cf. Ass'n of Mexican-Am. Educators,* 231 F.3d at 593.  In short, Plaintiff's motion does not offer sufficient evidence to overcome the presumption that the costs as taxed by the Clerk should be awarded to the Officer Defendants.[3]

Plaintiff goes on to argue that it would be "highly prejudicial and unjust" to tax costs against her since portions of her evidence were excluded, several of her objections to Defendants' evidence were overruled, and the City's motion for judgment as a matter of law was granted.  Plaintiff's continuing arguments on the merits of the underlying case have no bearing on whether the Court should make an exception from the general presumption that the prevailing party is entitled to recover its costs.

## IV.   CONCLUSION

Accordingly, the Court **ORDERS** that:

(1) Plaintiff's Motion for Review of Bill of Costs as to the City is **GRANTED**.  The Clerk's taxation of costs in the amount of $6,643.70 is **VACATED**.  None of the City's costs are to be included in the judgment.

(2) Plaintiff's Motion for Review of Bill of Costs as to the Officer Defendants is **DENIED**. The Clerk's taxation of costs in the amount of $10,790.56 stands.

This Order terminates Docket Nos. 163 and 164.

**IT IS SO ORDERED.**

Dated: July 18, 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

---

[3]  The Court notes that the costs taxed by the Clerk deducted certain unsupported amounts originally claimed in the Officer Defendants' Bill of Costs.

4